UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-23015

STEPHANIE P. TROCONIS RICON,
And all others similarly situated,

    Plaintiff(s),

vs.

BOCAS HOUSE CORAL GABLES, LLC and
MAURICIO MANTOVANI,

    Defendants.
_____/

## COMPLAINT FOR FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Stephanie P. Troconis Rincon, for herself and others similarly situated, sues Defendants, Bocas House Coral Gables, LLC and Mauricio Mantovani, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Stephanie P. Troconis Rincon**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. She was an employee of Defendants as the term "employee" is defined under Florida law who consents to participate in this lawsuit.

2. **Defendant, Bocas House Coral Gables, LLC**, is a for profit Florida corporation that is *sui juris* and operated its restaurant business here, in Coral Gables, Miami-Dade County, Florida, at all times material.

3. **Defendant, Mauricio Mantovani**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other servers' wages.

1

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

9. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

10. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

13. Plaintiff worked for Defendants as a server from August 15, 2017 until July 20, 2018.

14. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

15. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to his sale of same.

### *Collective Action Allegations*

16. Plaintiff bring this action on behalf of herself and other similarly situated persons who work and who worked for Defendants in Florida as during the three years immediately preceding the filing of the initial Complaint in this Cause through the date of the rendition of a final judgment in this action.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

17. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA, deprived of the minimum wages they earned, and who would benefit from the issuance of notice of their rights, the present lawsuit, and their ability to join this lawsuit (without fear of retaliation for affected current employees of Defendants).

18. The class of similarly situated employees employed by Defendants who may become Plaintiffs in this action include:

> All persons who work or have worked for Bocas House Coral Gables, LLC and/or Mauricio Mantovani who were paid less than the full minimum wage, who relied on tips for the remainder of their hourly wages, and who are and who were subject to the same payroll practices and procedures as the Plaintiff during the three years prior to the filing of the Complaint in this action on July 25, 2018.

19. The class of similarly situated employees employed by Defendants are known to Defendants, readily identifiable from the records maintained by Defendants, and necessarily will present legal and factual issues which are nearly the same, if not identical to, Plaintiff's issues.

20. Defendants paid Plaintiff according to the same pay practice that it applied to its other employees who, like Plaintiff, were not paid the full applicable minimum wage for all hours worked, who participated in a "tip pool", who had tips shared with traditionally non-tipped employees and/or managers, and who were not paid the full applicable minimum wage for performing non-tipped work for more than 20% of the time they worked.

21. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees who served food and/or beverages to their customers ("servers") who were not paid the full applicable minimum wage for all hours worked, who participated in a "tip pool", who had tips shared with traditionally non-

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

tipped employees and/or managers, and who were not paid the full applicable minimum wage for performing non-tipped work for more than 20% of the time they worked.

### *Liability*

22. During the last three years, Defendants utilized the tip credit to pay their servers at an hourly wage rate that was less than the entirety of the applicable minimum wage, even though those employees did not retain all of their tips and paid 35% of their credit card tips into a pool managed by the Defendants, who used a portion of the collected credit card tips to pay traditionally non-tipped employees and/or managers.

23. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

24. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

25. To utilize the tip credit, an employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

26. An employer must also notify its employees that it would be relying on the "tip credit" to make up the remaining $3.02 per hour.

27. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its tipped employees the full applicable minimum wage.

28. During her employment with Defendants, they utilized the tip credit to pay their servers at an hourly wage rate that was less than the applicable minimum wage (from $5.50 to

$5.65 per hour in 2017 and 2018) and, while managing the "tip pool", distributed credit card tips collected from servers to traditionally non-tipped employees and/or managers of Defendants.

29. During the last three years, Defendants were not entitled to the tip credit because Plaintiff and their other servers did not receive a wage of least $3.02 less than the applicable minimum wage from Defendants due to their practice of requiring Plaintiff and their other servers to pay 35% of the credit card tips they received into a "tip pool", and through which Defendants shared a portion of the tips with traditionally non-tipped employees and/or managers.

30. During the last three years, Plaintiff and Defendants' other servers attended trainings at the Bocas House restaurant in Doral, but were not paid the applicable Minimum Wage (without reduction for the "tip credit) for all time spent in these trainings.

31. During the last three years Plaintiff and Defendants' other servers were forced to perform sidework (such as filling salt/pepper, polishing silverware, stacking chairs, sweeping, folding napkins, and cashing out the register), while not earning tips, in excess of 20% of her/their work time.

32. In addition to the foregoing failures, Defendants' taking control of and retaining the tips belonging to Plaintiff invalidated the "tip credit".

33. By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff and its other similarly situated servers the full minimum wage required by the FLSA.

34. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff and other similarly situated servers of Defendants are entitled to payment of the remainder of the applicable minimum wage plus all tips wrongfully or improperly held/distributed.

35. Defendants willfully and intentionally refused to pay Plaintiff and their other servers the applicable minimum wage for all of the hours that they worked during the relevant time period.

36. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff and their other servers the applicable a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

37. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

38. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Stephanie P. Troconis Rincon, demands the entry of a judgment in his favor and against Defendants, T Bocas House Coral Gables, LLC and Mauricio Mantovani, jointly and severally, after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiff can send notice to all similarly situated employee-servers of Defendants during the past three years;

b. That the named Plaintiff and all class members who opt in recover compensatory minimum wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants as provided under the law and in 29 U.S.C. §216(b);

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

c. That the named Plaintiff and all class members who opt in recover the tips wrongfully shared/distributed to traditionally non-tipped employees and/or managers;

d. That the named Plaintiff and all class members who opt in recover pre-judgment interest if she/they is/are not awarded liquidated damages;

e. That the named Plaintiff and all class members who opt in recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

f. That the Defendants be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

g. All interest allowed by law; and

h. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 25th day of July, 2018.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel: 305.230.4884
Fax: 305.230.4844

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

8